No. 10,253.

PITTS *v.* NATIONAL INDEPENDENT FISHERIES CO.

Decided April 3, 1922.  Rehearing denied May 1, 1922.

Action in debt.  Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1.  ACCORD AND SATISFACTION—*"In full to Date."*  It is not every use of the words 'in full to date" or equivalent phrase which constitute an accord and satisfaction in connection with the payment of a controverted claim.

2.  *Elements.* To constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the ·demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such conditions.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. HOWARD L. HONAN, Mr. W. FELDER COOK, for plaintiff in error.

Messrs. ELLIS, ROBINSON & SARCHET, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by a seller against the buyer to recover for goods sold and delivered.  The answer pleads payment, and also sets up a plea of accord and satisfaction.  A trial to the court resulted in findings for plaintiff, and a judgment in its favor for $978.43.  The defendant has sued out this writ of error, and the cause is before us on his application for a supersedeas.

The plaintiff in error, defendant below, contends that the court erred in not finding that there had been an accord and satisfaction.

The plaintiff below sold and delivered to defendant various quantities of fish, at different times between February 20, 1920 and May 1, 1920. There was some dispute between the parties, at about the date last mentioned, as to what deductions, credits, or allowances should be given to defendant. On May 8, 1920, the defendant mailed to plaintiff a check for $692.35. When the check was introduced in evidence it bore the notation, "In full to Date." The plaintiff, in its evidence, denied that the notation appeared on the check at the time it was received. The trial court held that whether the notation appeared thereon at such time or not, the defendant did not establish his defense of accord and satisfaction. The defendant now contends that the court could not dispense with a finding as to the existence of the notation, because, as he claims, the notation, "In full to Date," of itself proves an accord.

In *Worcester Color Co. v. Wood's Sons Co.*, 209 Mass. 105, 95 N. E. 392, the court said:

"It is not every use of the words 'in full to date' or equivalent phrase which constitutes an accord and satisfaction in connection with the payment of a controverted claim. Many cases have arisen where the conditions have been such as make it a question of fact whether there has been an accord and satisfaction, even though these words have been used where a payment has been made."

In the instant case the check accompanied a letter to plaintiff. The amount of the check corresponded exactly to the last four bills for goods which defendant had received, less $12.90, which sum defendant claimed, in the same letter, ought to be deducted from the total amount of the four invoices. The language of the letter indicates that the check was sent and offered in payment for the four specific items, and not in settlement of all past transactions, involving defendant's counterclaims. It seems that plaintiff's agents or officers could not construe the letter

otherwise, even if they did observe the alleged notation on the check.

In order to constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such conditions. 1 C. J. 557; *Rio Grande County v. Hobkirk,* 13 Colo. App. 180, 56 Pac. 993.

Under the circumstances in this case, the question of accord and satisfaction was one of fact, and the evidence is sufficient to support the finding in that respect. In view of the contents of the letter accompanying the check, and other circumstances, the court could assume, as it evidently did, that the alleged notation was upon the check, and still find, as it did, that accord and satisfaction was not established by the evidence. *Worcester Color Co. v. Wood's Sons Co., supra.*

There is no error in the record. The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.