No. 11,118.

ROLLER v. SMITH.

Decided December 1, 1924. Rehearing denied January 5, 1925.

Action for recovery of possession of real estate. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. VENDOR AND PURCHASER—*Breach of Contract—Remedy.* In an action by vendors against vendee for possession of real estate, because of failure to make payments under the terms of the contract of sale, the remedy is held to be ejectment under section 287, Code of '21, and not an equitable action to cancel the contract.

2. COMPROMISE AND SETTLEMENT—*Accord and Satisfaction—Burden.* In an action to forfeit a contract of sale of real estate, and for possession, one defense being in effect accord and satisfaction,

an affirmative plea, the burden was on the. pleader to prove both constituent facts, the accord and the satisfaction.

3. PLEADING—*Conclusion of Law—Denial.* The denial of an allegation which is merely a conclusion of law, raises no issue.

4. EJECTMENT—*Evidence.* The common law rule in ejectment cases that any evidence which tended to refute the plaintiff's right of possession was competent under the general issue, does not obtain under the Code.

5. VENDOR AND PURCHASER—*Forfeiture—Notice.* A clause in a contract for the sale of real property providing for notice of forfeiture—in case of failure to make payments—by the vendor to the vendee, was to the latter's advantage, and notice by the assignee of the contract who was in effect a mortgagee, held insufficient.

6. PLEADING—*Notice—Waiver.* In an action in ejectment involving forfeiture of a contract of sale of real estate, the contention that a plea of accord and satisfaction was a waiver of the question of notice, overruled.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Messrs. DOWD & WALKER, for plaintiff in error.

Mr. ROBERT EMMET LEE, Mr. HUDSON MOORE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS suit was brought by Smith and others to recover possession of real estate upon the alleged forfeiture by the vendee, Roller, under the terms of a contract of sale. There were allegations looking toward equitable relief by cancellation of the contract which were eliminated at or before the trial. The plaintiff had a verdict and judgment below, and the defendant, Roller, brings error.

The elimination of the equitable relief was right. The contract provided that upon failure to pay instalments the vendee's rights and his possession should be forfeited. It

was on the ground of failure to pay instalments that the suit was brought. This was to enforce, not to cancel the contract. There was no function for equity to perform. The complaint should have been ejectment, drawn under Code of 1921, § 287. There is however, we think, enough in it to comply with the provisions of that section (if not it may be amended), and the rest of the complaint, being purely evidential matter, should be ignored.

One defense plead by defendant was a settlement with plaintiff whereby it was agreed that plaintiff would accept $1,700 in full payment, and that defendant paid and plaintiff accepted that sum accordingly. The court instructed that the burden was on defendant to show this agreement and the payment in accordance therewith. The instruction was right. The plea was, in effect, accord and satisfaction, an affirmative plea, under which the pleader must prove both constituent facts, i. e., the accord and the satisfaction.

The plaintiff alleged ownership in fee and also ouster (Code 1921, § 287) as above stated, we think sufficiently. This made his case in ejectment, and, after the supposed equitable matters were eliminated, was the whole matter. The settlement under the contract did not negative his fee but added a new fact which destroyed his right of possession under it, i. e. it showed a right of possession in the defendant notwithstanding the fee in plaintiff. The code requires a statement of the facts constituting the cause of action. The fact that gives plaintiff right of possession is ownership, and that and ouster make his cause of action. It is true that the code requires the plaintiff in ejectment to state that he is entitled to possession, but that is a conclusion of law flowing from ownership, *Baker v. Cordwell*, 6 Colo. 199, 202; *Hanna v. Barker*, 6 Colo. 303, 313, and a denial of it raises no issue. It was, therefore, incumbent on defendant to show by a preponderance of evidence that there was such a settlement and payment in pursuance thereof.

*Cuenin v. Halbouer*, 32 Colo. 51, 74 Pac. 885, cited by

defendant, is not in point. It would be if the settlement were inconsistent with plaintiff Smith's title, but it concedes that title and claims under it. So in *Mott v. Baxter*, 29 Colo. 418, 68 Pac. 220, the alleged new contract was inconsistent with the continuance of the old. There the plaintiff's contract did not exist after the change, but here plaintiff's title exists, as before, in fee. So in *Bank of Taos v. Booth* (77 Colo.), now before us, the evidence that the note was pledged to the bank tended to show it was not pledged to Booth. So upon the main issue in that case, i. e., whether Booth had any special property in the note, the bank's property could have been proved without a special plea thereof, and in *Stratton v. Murray*, 25 Colo. App. 395, 138 Pac. 1015, the evidence of defendant under denial destroyed the deed under which plaintiff claimed and so negatived his title, and in *Knox v. McFarran*, 4 Colo. 586, the effect of the evidence of fraud was the same, and likewise in all the Colorado cases we have examined.

It is true that at common law in ejectment any evidence which tended to refute the plaintiff's right of possession was competent under the general issue, and it has been held in some cases that upon a general denial under the code the same rule obtained, but such a rule reduces the pleadings to conclusions of law without facts; i. e., the plaintiff says "I have a right of possession" and the defendant says "You have not." This is, indeed, the final question for trial, the ultimate conclusion of law. But if the plaintiff follows the code and states the nature of his estate, e. g. ownership, and the defendant denies that, we have a tangible issue which may be called one of fact from the determination of which the right of possession will flow by force of law.

The motion of plaintiff in error for nonsuit, on the ground that notice of forfeiture under the contract was insufficient, was overruled, and error is assigned thereon. The contract provided that in case of failure to make any payment, "this contract shall be forfeited and determined at the election of the said party of the first part, upon his

giving to said party of the second part ten days notice of his intention so to do." On January 26th, Honan and Cook, assignees of Smith, the vendor, wrote to Roller, the vendee, asserting the assignment and asking him to call on them and settle. On January 29th they and Moore wrote, referring to their previous letter, again claiming to be assignees, offering to comply fully with the terms of the contract and giving notice that failure to carry out its terms had subjected the contract to forfeiture "and that it is *our* intention to declare the contract forfeited and determined ten days from this date; * * * and to require possession of the premises at the expiration of ten days from this date, unless, within ten days from this date, you shall have complied with the terms of the contract." On the 13th of February they sent him a notice to surrender and quit on the 19th of February, 1924. Smith signed this notice with them.

We think these notices were insufficient. The first was not a notice; it was a mere overture to settlement and the third was only a demand of possession. The second was the real notice under the terms of the contract. It was signed only by Moore, Honan & Cook, who were assignees of the contract. The assignment to them was to secure a note for $750. This was a mortgage. True the contract provides that its terms shall extend to assigns; but not to mortgagees. The purpose of the notice is to acquire possession, but the mortgagor, not the mortgagees, has the right of possession till after foreclosure. The purpose of the provision in the contract for such a notice was to afford the vendee an opportunity to comply with the contract and save forfeiture and the provision is therefore of substantial advantage to defendant. The contract, moreover, requires that the vendor, Smith, shall give this notice and this is of important adantage to defendant. The provision that the vendor shall give the notice carries the necessary implication that it is he that must determine whether it shall be given, and the vendee has a right to insist that his rights shall be forfeited only in strict accord with the con-

ditions of forfeiture. He never agreed that his interests might be forfeited by or at the election of a mortgagee. An analogous right based on a like principle, is that of a beneficiary in life insurance, who may insist that the insured and not his assignee shall exercise the options expressed in the policy. *National Bank of Commerce v. Appel Clothing Co.*, 35 Colo. 149, 83 Pac. 965, 4 L. R. A. (N. S.) 456, 117 Am. St. Rep. 186; *Townsend's Assignee v. Townsend*, 127 Ky. 230, 105 S. W. 937, 16 L. R. A. (N. S.) 316. The latter case holds that the insured cannot assign the right to elect to take the cash surrender value. It may be conceded that the signers were Smith's attorneys and that a signature by them for him would be enough, but they did no such thing. The notice and the decision to make it are expressly theirs. For the insufficiency of this notice the judgment must be reversed.

Defendant in error insists that the plea of accord and satisfaction was a waiver of the question of notice. He is wrong. It is too plain for discussion that defendant had a right to advance both defences, i. e., that there was no forfeiture because of settlement and payment and also because of lack of proper notice.

The above conclusions make it unnecessary to consider the sufficiency of the evidence.

Supersedeas denied and judgment reversed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.