**WHITE et al. v. SHANNON.**

**No. 3975.**

Court of Civil Appeals of Texas. El Paso.

Dec. 5, 1940.

Rehearing Denied Jan. 9, 1941.

J. M. Deaver and Fred C. Knollenberg, both of El Paso, for appellants.

William E. Ward and R. E. Cunningham, both of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from the District Court of El Paso County. Lee Shannon, as plaintiff, recovered a judgment in the sum of $666.67 against James C. White and Charles Kibby. White and Kibby perfected this appeal. Shannon presents a cross-assignment alleging error in that under the evidence and verdict he was entitled to a judgment in the sum of $833.33 instead of the amount for which the judgment was rendered. Trial was to a jury, the case submitted on special issues, and judgment was entered in favor of plaintiff on the verdict in the amount above stated.

The parties will be herein designated by their respective last names.

Involved in the dispute is the division of a real estate commission in the sum of $7,000 received by White and Kibby from W. D. Malone. Kibby and White were at all relevant times real estate brokers, Kibby working out of the office of White on some sort of an agreement for the sharing of commissions realized through the efforts of Kibby or the joint efforts where the purchaser was obtained through the efforts of Kibby. Shannon knew L. R. Allison was desirous of purchasing a large farm. He approached Kibby, and it was agreed that in the event Allison purchased the farm through White and Kibby that Shannon should have one-third of the amount paid by the owner. White at all relevant times knew of this agreement between Kibby and Shannon and approved and acted thereon. Shannon introduced Allison to Kibby and White. Through their efforts Allison was induced to purchase the farm of W. D. Malone for a large sum. Malone paid Kibby and White $7,000 as commission for finding the purchaser.

Kibby and White paid $1,500 to Shannon as the portion of the commission to which

he was entitled, and he agreed to accept same in satisfaction thereof. He alleged that he was induced to accept same by the fraudulent representations and concealments of Kibby and White. These representations and concealments being, withholding from him the information that the commission in truth and in fact was $7,000 and falsely represented that same was only $5,000. January 27, 1939, Kibby addressed the following letter to Shannon:

"We hereby agree to pay you Fifteen Hundred Dollars out of the Commission on the sale made between W. D. Malone and Mr. Allison, when the deal is finally consummated.

"(Signed) C. P. Kibby".

Endorsed on the letter is the following: "I hereby accept the above agreement. "(Signed) Lee Shannon (signed) Jas. C. White."

In pursuance of this letter White delivered to Shannon $865 in vendor's lien notes on which Shannon was liable, and gave him his check in the sum of $635, on which check was written: "In full Com. on Malone-Allison." Shannon cashed this check with such endorsement thereon.

As has been stated, Shannon pleaded fraudulent representation and fraudulent concealment.

Kibby and White pleaded the contract and the payment thereon as an accord and satisfaction of the claims of Shannon.

The jury found that Kibby, purporting to act in his own behalf and in that of White, made the contract to share one-third of the commission with Shannon; that Kibby had authority from White to make such contract and White knew of such contract and approved same; that January 27, 1939 White represented to Shannon that the commission was $5,000; that such representation was relied upon by Shannon, and but for same Shannon would not have entered into the compromise agreement of January 27, 1939; that at the time Shannon cashed White's check for $635 he did not know same bore the notation, "In full Com. on Malone-Allison"; that Shannon at the time he cashed the check did not know that the amount exceeded $5,000; further, there was no bona fide dispute between Kibby and Shannon or between Shannon and White as to there being a commission due Shannon; that White did not refuse on January 27, 1939 to answer interrogatories propounded by Shannon or his brother-in-law; that on that date White refused to tell Shannon's brother-in-law what the commission was on the Malone deal; that White remained silent when interrogated by Shannon or his brother-in-law as to the matter.

White and Kibby base their appeal on some eighteen propositions, some of which are mere abstractions. However, we shall attempt to summarize them. It is contended that Shannon was not legally entitled to set aside the compromise agreement as to the commission without tendering back the $1,500 received thereunder; that it was not shown that Kibby was authorized to bind White or White and Kibby in the manner of the agreement as to the division of the commission; that there is no pleading nor proof to set aside the accord and satisfaction consummated by Shannon cashing White's check with the notation thereon that it was in full settlement of the commission due.

We deem the evidence ample to sustain the findings of the jury that White at all times knew of the contract to give Shannon one-third of any commission collected; that Kibby had authority to so contract, and that White at all times knew and approved of this contract.

■ This proposition is advanced by Kibby and White: "Where a check is accepted and cashed, reciting that it was in full payment of an account which was disputed, no amount of protest would vary the legal effect of accepting and cashing the check."

There can be but little question of the correctness of the proposition as an abstraction. The facts assumed do not apply here. Dispute there had been as to the amount due Shannon on the commission. This dispute was settled by the letter of January 27, 1939, and at the time there was no dispute. That the claim be unliquidated or in dispute is the very essence of the proposition advanced. Pitts v. National Independent Fisheries Co., 71 Colo. 316, 206 P. 571, 34 A.L.R. 1035; Supplementary citation, Root & Fehl v. Murray Tool Co., Tex.Com.App., 26 S.W.2d 189, 75 A.L.R. 905.

■ The check was a fulfillment of the contract of January 27th, and so long as that contract stands was in full settlement of the Shannon portion of the commission. An accord and satisfaction is founded on

contract, and, as in any other contract, the minds of the parties must meet on the matters comprehended therein.

Under the findings Shannon could make no other assumption than that the notation referred to the $1,500 provided for in the contract of the 27th.

Shannon in his pleading did not tender a return of the $1,500 received from White. ▉ White and Kibby advanced this proposition: "To avoid the binding effect of a compromise and settlement, the plaintiff must offer to restore what he has already received."

Again, as applicable to some situations, there can be little quarrel with the proposition. However, we cannot think that same applies where it is charged that one has, through fraud, been induced to accept less than what is legally due him, he must return what he has legally received. Unquestionably, if he maintains his position he must account for what he has received. Grabenheimer v. Blum, 63 Tex. 369; Western Medical Arts Bldg. Corp. v. Bryan, Tex.Civ.App., 5 S.W.2d 862.

The finding of the jury was that, under the contract with White and Kibby, Shannon was to receive one-third of the amount collected; that he was induced to accept $1,500 as representing that commission by the misrepresentations that the total amount was $5,000, when in truth and in fact the commission was $7,000. It is undisputed that the commission was $7,000. The evidence conflicted as to the concealment and misrepresentation, but we deem it ample to support the findings of the jury thereon. The evidence indicates that several days before the contract of January 27th, the commission had been settled upon between Malone and White at $7,000.

We think the evidence ample to sustain the finding that White and Kibby knew of and participated in the misrepresentation and concealments charged by Shannon. We believe the finding of the jury that Shannon cashed the check without having notice of the notation thereon is an immaterial finding.

▉ It is complained that the court permitted Shannon to file trial amendment. This, we think, was a matter within the discretion of the trial court.

▉ It is urged that there is no evidence to support any misrepresentation on the part of Kibby. The jury found that White

made the representations in the presence of Kibby, and we think on the whole record that there can be little question but that Kibby was responsible therefor.

In our opinion the brief of White and Kibby does not point out reversible error in the record.

We come now to the consideration of Shannon's cross-assignment of error. Under the sustained findings of the jury Shannon was entitled to one-third of the $7,000 commission. This would amount to $2,333.-33⅓. Undisputedly Shannon received $1,-500, which would leave him entitled, under the findings of the jury, to $833.33⅓. The judgment entered on the verdict was for $666.67. We sustain the cross-assignment of Shannon, and it is ordered that the judgment be here reformed, and that Shannon recover of and from Kibby and White the sum of $833.33⅓.

So reformed and modified, the judgment is affirmed.