Albert Hershey, Plaintiff-Appellee, v. E. A. Hershey et al., Defendants-Appellants. Rose McElhiney et al., and Ashland Oil and Refining Company, Defendants.

Term No. 54–M–13.

 Opinion filed October 1, 1954. Released for publication October 19, 1954.

KERN & PEARCE, of Carmi, for appellants.

ROSCOE D. CUNNINGHAM, of Lawrenceville, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Wabash county, Illinois, in an accounting action instituted by plaintiff, Albert Hershey, as against E. A. Hershey, Mabel Tilley, Bessie Lois Andrews, Arthur Andrews, Ruth Chambers, Rose McElhiney, V. Ladonna Peck, William H. McElhiney, and Ashland Oil and Refining Company, a corporation. Only defendants, E. A. Hershey, Mabel Tilley, Bessie Lois Andrews, Arthur Andrews, and Ruth Chambers have appealed from such decree.

The individual parties to the action executed a division order in August of 1944, which incorrectly stated their respective interests in the oil royalties on a certain tract in Wabash county. When the error was discovered by plaintiff, Albert Hershey, in May of 1950, he immediately advised the pipeline purchaser, Ashland Oil and Refining Company, and all further royalty payments were withheld. All parties agree that appellants have been overpaid, and plaintiff-appellee has been underpaid in certain fractional amounts indicated in the decree, and that subsequent payments after notice should be according to each owner's actual interest. Appellants, however, refuse voluntarily to return to plaintiff the amount of the overpayment previously made. On complaint for an accounting the trial court sustained plaintiff's con-

308

tention and decreed that appellants must return the amount of the overpayment.

█ It is the contention of appellants in this court, in brief, that since all the parties signed the division order, while plaintiff is entitled to secure his proper interest in oil production after the error was discovered and notice given, that he could not require repayments from the codefendants for royalty oil which was taken and paid for under the terms of the division order. The theory of appellants is that the division order constituted a binding agreement among the co-owners. It is not contended by anyone that the pipeline Company would be required to make any repayment, but the plaintiff contends that since the overpayments were made to appellants and the underpayments to plaintiff-appellee through a mistake of fact unknown to plaintiff, and since there is no dispute as between the oil purchaser and the co-owners, that plaintiff is entitled to an accounting from the co-owners of the production. The decree of the trial court was entered in support of plaintiff's theory. We believe that such decree was proper and should be affirmed, principally, because the co-owners can hardly be considered in a status of being innocent purchasers for value.

█ As stated by Professor Summers in his work on Oil and Gas (Vol. 3, at page 423), where the signers of a division order are cotenants of the oil, "there seems to be no basis for saying they are contracting with each other." The author goes on to state that by signing a division order it would seem that a person admits the amount of oil set apart to him therein, but expresses no intention to convey or transfer any portion thereof to any other person. It is apparent to us that it would be improper to permit the cotenants to profit by a mistake made by the Oil Company in preparation of a division order, or by the plaintiff's failure to discover the mistake before signing the order. It is true that

309

plaintiff would be estopped from asserting a claim as against the Oil Company, but he certainly was not estopped from asserting his rights as against his cotenants, who were not entitled to the royalties which were being paid to them. Plaintiff was entitled to an accounting from them. Barring plaintiff from recovering as against the cotenants would be grossly unfair, and not justified by any precedents in this State.

 Two of the appellants, Arthur Andrews and Bessie Lois Andrews, purchased certain interests after the division order was executed. The evidence indicated that at the time of the purchase of such interests such persons made no examination of the public records and made the purchase entirely without a title search although the original oil and gas lease was of record in the county, and the real interests in the parties could have been ascertained readily by such purchasers. They were not innocent purchasers for value under the circumstances and stand in no better position than the other defendants in the case (*Smith v. Grubb,* 402 Ill. 451).

It was just and proper that the trial court should apply the agreed amount of the overpayment as made and enter the decree in plaintiff's favor, as was done in the lower court. The decree of the circuit court of Wabash county was therefore proper and should be affirmed.

*Affirmed.*

BARDENS and SCHEINEMAN, JJ., concur.