No. 20,532.

SKYLAND FOOD CORPORATION *v.* BYRON B. MEIER.

(382 P. [2d] 996)

Decided June 24, 1963.

Messrs. LOESCH and KREIDLER, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE judgment for review concerns a $900.00 item included in a jury verdict of $1,300.00 for personal services entered in the district court of Delta County. The parties will be referred to as they appeared in the trial

court where plaintiff in error was defendant and defendant in error was plaintiff.

The record discloses that in September of 1959 Donald L. Reed, president of the defendant corporation, entered into negotiations to employ plaintiff Meier, a refrigeration engineer, to work for defendant company which operated a plant for the freezing and storing of fruit in Delta, Colorado. An oral agreement was thereafter made between the two which provided that defendant would move plaintiff and his family from Denver to Delta and pay him a salary of $400.00 per month for a 40-hour work week and in addition furnish him Reed's home to live in at an agreed monthly value of $300.00. Plaintiff testified that the latter was a living allowance to increase his actual income by $300.00 per month and that in addition certain raises were promised him. It further appears that plaintiff asserted and defendant denied, that plaintiff was to receive one-half of the electric bill savings he could work out for the first year of his employment. That issue, however, was settled in the trial court and is not in dispute here.

It appears that plaintiff, who had previously been employed at $1,000.00 per month, left his other employment and began work in the latter part of 1959 for the agreed salary of $400.00 per month. The first of the year he requested a promised $100.00 increase, which was not forthcoming until May of 1960 and was not then made retroactive. In January of 1961 plaintiff was asked to move from Reed's home and this is the area of dispute in this court. Plaintiff testified that when asked to move he agreed to accept in place of the rent free home a $150.00 per month increase in salary and an additional $150.00 per month which Reed allegedly stated he would pay him when he could. Reed, however, testified that the $150.00 increase that the plaintiff received was the full amount that was to be given in substitution for the earlier agreed upon $300.00 home value for living expenses.

It also appears that sometime after plaintiff left Reed's home he received another $100.00 per month salary increase which made his total income during the months he worked in 1961, $750.00 per month. On July 10, 1961, plaintiff was discharged by defendant for asserted misconduct. This was done without thirty days' notice or a month's salary, which plaintiff testified was required by his employment contract.

The pertinent part of the complaint requested the following damages: $400.00 for the months of January through April 1960 when plaintiff failed to receive his allegedly promised salary increase, $900.00 as the difference between the $300.00 rental value of the Reed home and the $150.00 he was given for living expenses; and, $750.00 in salary for the month of July since he alleged his employment had been satisfactory and he was not given thirty days prior notice. The answer was a general denial and the affirmative defense of accord and satisfaction as to the living allowance item.

The only part of the judgment before us on this writ of error is the award of $900.00 for the six months' rent allowance.

The first two material grounds urged for reversal are that an accord and satisfaction occurred when the plaintiff accepted the $150.00 per month increase in his salary; and if there were any additional promises they were made by Reed personally and not the defendant company; and, that Reed is not a party to this action.

■ Ordinarily the acceptance of a lesser sum for a previously agreed upon amount due and owing, in and of itself, does not create an accord and satisfaction. See *Western Air Lines, Inc., v. Hollenbeck,* 124 Colo. 130, 235 P. (2d) 792 (1951). Here the evidence was that plaintiff was to receive an additional $300.00 per month salary in the form of living expenses represented at the time of the agreement by the agreed value of a house. As we view it this was a liquidated sum due plaintiff and it was so construed by the trial court. Thus, under

the facts of this case, it is immaterial whether defendant promised plaintiff $150.00 a month additionally as plaintiff contends, for the employee's acceptance of a partial payment cannot bar his collection of the balance due him of a previously agreed upon sum.

As to defendant's contention that Reed made the promise to pay the $150.00 per month personally, this record is to the contrary. He at all times was president of the defendant corporation and as its principal administrative officer bound the company for activities within the scope of his authority, which would include the hiring of employees. See *Rock Wool Insulating Co. v. Huston*, 141 Colo. 13, 346 P. (2d) 576 (1959).

Defendant further contends that it was error for the trial court to reject evidence as to the rental paid by plaintiff for his new home after he left Reed's home. We, however, find no error in this. It was immaterial under the facts of this case as to how plaintiff spent his living allowance for the jury obviously considered it to be such and not merely the furnishing of a home as urged by defendant.

The judgment is affirmed.

Mr. Justice McWilliams not participating.