In re Daryl Keith HOGG and Donna Rae Hogg, Debtors.

Daryl Keith HOGG and Donna Rae Hogg, Appellants,

v.

NORWEST BANK and Farmers Home Administration, Appellees.

No. 88–5166.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1989.

Decided June 14, 1989.

Max A. Gors, Pierre, S.D., for appellants.

James A. Wyly, Aberdeen, S.D., for appellees.

Before BOWMAN and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Daryl and Donna Hogg appeal from the District Court's [1] affirmance of an adverse Bankruptcy Court [2] decision involving the alleged discharge of certain loan obligations.

Prior to the filing of their Chapter 11 bankruptcy petition, Daryl and Donna Hogg brought suit against Norwest Bank in South Dakota state court claiming breach of contract, negligence, and conversion arising out of a loan transaction. The bank counter-claimed for principal and interest on the loan. The jury found in favor of the bank on the Hoggs' claims, found in favor of the bank on its counterclaim and awarded it $375,000, but rejected the bank's claim for an additional $93,556.79. The trial court denied the bank's post-trial motions for this additional amount. *See Hogg v. First Nat'l Bank of Aberdeen*, 386 N.W.2d 921 (S.D.1986).

On March 21, 1985, after settlement discussions broke off, the Hoggs appealed. On March 25, 1985, Daryl Hogg tendered a check for $14,886.02 to Norwest with Donna Hogg as the drawer of the check. A receiver appointed by the state court had already disbursed $354,087.07 of the Hoggs' assets to the bank. On the memo line of the check was handwritten: "loan principal & interest paid in full." At the end of the notation, the additional language "to $375,000 DH" is written by Daryl Hogg in different ink.

On March 28, 1985, the bank cross-appealed, claiming entitlement to the additional $93,556.79. The South Dakota Supreme Court affirmed the judgment in favor of the bank, but enlarged the judgment by awarding the bank the additional $93,-556.79. The bank then levied on the

1. The Honorable Donald J. Porter, Chief United States District Judge for the District of South Dakota.

2. The Honorable Peder K. Ecker, United States Bankruptcy Judge for the District of South Dakota.

Hoggs' assets for the amount of $93,-556.79. The Hoggs filed for bankruptcy under Chapter 11 on July 31, 1986.

The bank filed a complaint in the Bankruptcy Court to determine the nature and extent of their liens. The Hoggs alleged in their answer that their payment of March 25, 1985 constituted full payment of their obligation to the bank. Following a hearing on the matter, the Bankruptcy Court held that "no agreement was reached between the parties as to the check constituting payment in full, and payment by the check with the notation, 'payment in full to $375,000,' does not, as a matter of law, constitute a full payment on the amount due and owing on the note." *In re Hogg*, 76 B.R. 735, 742 (Bankr.S.D.1987).

After careful review, the District Court stated: "[a]s the bankruptcy court's finding that there was no agreement is not clearly erroneous, this Court affirms the holding of the bankruptcy court that there was no accord and satisfaction." *In re Hogg*, No. 87–3053, slip op. at 5 (D.S.D. Apr. 14, 1988). On appeal to this Court, the Hoggs renew all the arguments made at the District Court level, but primarily argue that the bank's acceptance of the $14,886.02 check extinguished their entire obligation to the bank.

Whether the parties agreed that the check would constitute full payment of the bank's claim is question of fact. We therefore review the Bankruptcy Court's finding on this disputed issue (as did the District Court) under the clearly erroneous standard of review. *See* Fed.R.Civ.P. 52(a).

Having carefully considered the arguments raised by the Hoggs on appeal, we are satisfied that no error of law appears in the proceedings below and that the District Court correctly determined that the Bankruptcy Court's finding of no accord and satisfaction was not clearly erroneous. We therefore summarily affirm the judgment of the District Court. *See* 8th Cir.R. 14.