SEYMOUR, Circuit Judge.
Debtor Unioil, Inc. brought an adversary proceeding in the Bankruptcy Court to determine the validity of the claims of John and Suzanne Hudson and of H.E. Elledge, as trustee of the 270 Corporation Profit Sharing Plan and Trust (the Trust), to certain disputed fractional working interests in two oil and gas wells in Wyoming. Un-ioil asserted that the signing of erroneous division orders by Elledge and the Hudsons constituted an accord and satisfaction of their claims. Unioil also asserted that the Trust had not filed a timely proof of claim, having filed in the name of H.E. Elledge without disclosing the existence of the trust.[1]
The bankruptcy court held that the Trust’s claim could be asserted by Elledge, and that the execution of the erroneous division orders did not constitute an accord and satisfaction. The district court reversed on the first point, barring the Trust’s claim because Elledge did not correctly identify the Trust as his principal until some nine months after the claim was filed. However, the district court affirmed the bankruptcy court’s disposition of Un-ioil’s accord and satisfaction defense to the working interest claims.
The bankruptcy court’s determinations are subject to review under the same standards that ordinarily govern appellate scrutiny of bench rulings, i.e., de novo for legal conclusions and clear error for factual findings. Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1536 (10th Cir.1990). As a general matter, therefore, we consider de novo the proper interpretation of the Bankruptcy Rules governing the viability of the Trust’s claim against Unioil, see Jenkins v. Whittaker Corp., 785 F.2d 720, 736 (9th Cir.) (proper interpretation of civil procedural rules is pure question of law, reviewable de novo), cert. denied, 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 296 (1986); cf. Underwood v. Servicemen’s Group Ins., 893 F.2d 242, 243 (10th Cir.1989) (same standard for interpretation of statutory provisions), cert, de *991 nied, 495 U.S. 957, 110 S.Ct. 2562, 109 L.Ed.2d 745 (1990), and review the rejection of Unioil’s accord and satisfaction defense under the clearly erroneous standard, see Hogg v. Norwest Bank (In re Hogg), 877 F.2d 691, 692 (8th Cir.1989); see also Transpower Constructors v. Grand River Dam Auth., 905 F.2d 1413, 1419 (10th Cir.1990) (defense of accord and satisfaction turns on questions of fact). Applying these standards, we reverse in part and affirm in part.
I.
On April 19, 1985, Defendant Elledge filed a proof of claim in his own name. Shortly thereafter, he joined in an objection to Unioil’s reorganization plan, this time also identifying himself, in a/k/a fashion, with “270 Corporation,” a Florida corporation he evidently owns. Elledge’s proof of claim was untimely, but the parties subsequently executed a stipulation, approved by the bankruptcy court, whereby Unioil waived this defect in return for Elledge’s withdrawal of his objection to its reorganization plan.
Elledge continued to attribute his claim to 270 Corporation until January 29, 1986, when he sought by motion to amend his proof of claim to designate the Trust as the proper principal on whose behalf he was pursuing the claim. The bankruptcy court first granted and then, on reconsideration, denied the amendment. Following a trial on the merits of all claims, however, the bankruptcy court returned to its original position on the matter, relying on Fed. R.Civ.P. 17 (Bankr.R. 7017)[2] and reasoning that:
“even though the Motion sought to change the name of the claimant from Elledge (individually) to the Trust, the Court should have allowed the amend-ment_ Rule 17 ... allows the trustee of an express trust to sue in his own name without joining the trust itself as a party. Allowing that type of amendment to the proof of claim in this case causes no harm to Debtor, or undue surprise. There is no risk of multiple liability to both Elledge and the Trust, and the Debtor knew that Elledge was prosecuting the claim on behalf of another entity (although not fully named) ... just slightly over two months after the original proof of claim was filed. Therefore, the Court finds that Elledge is the proper party to prosecute this claim as Trustee for the Trust.”
Bankruptcy Court Memorandum Opinion and Order of October 2, 1987 (Bankr.Op.), at 5.
On appeal, the district court disagreed with the bankruptcy court’s analysis. The court drew a decisive distinction between litigating an existing claim on behalf of an express trust and filing the proof of claim necessary to establish the trust’s claim in the first place. In its view, “[tjhat Elledge ... may sue in his own name on behalf of the Trust does not mean that Elledge may amend his original claim to include the interests of a separate entity, the 270 Trust.... Rule 17(a) does not eliminate the need for a trustee to identify the existence of a trust filing a proof of claim in bankruptcy court and of his capacity as trustee.” District Court Order of February 19, 1991, at 6-7. The district court then concluded that the bankruptcy court erred in allowing the Trust’s claim. Id. at 7.
We agree with the basic distinction drawn by the district court, which properly differentiates between claims procedures (outlined in Part III of the Bankruptcy Rules) and adversary litigation procedures (set out in Part VII). See Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.), 817 F.2d 625, 631-32 and n. 10 (10th Cir.1987) (while class action procedure is available in adversary proceedings under Bankr.R. 7023, lack of comparable provision in rules governing claims procedures precludes use of class proof of *992 claim); Accord In re Elec. Theatre Restaurants Corp., 57 B.R. 147, 148-49 (Bankr.N.D. Ohio 1986) (filing of proof of claim does not constitute adversary proceeding and, thus, Rule 7023 does not authorize class proof of claim). The proper filing and permissible amendment of a proof of claim are not governed by Rule 7017. These matters are addressed in Bankr.R. 3001 and its interpretive case law, which, for the reasons discussed below, lead us to conclude that the bankruptcy court acted properly in allowing the Trust claim prosecuted by Elledge.
Rule 3001(b) provides that a creditor’s proof of claim “shall be executed by the creditor or the creditor’s authorized agent." (Emphasis added.) Furthermore, Rule 3001(a) specifies that the proof of claim “shall conform substantially to the appropriate Official Form,” which, like its predecessor, requires the names of both the person authorized to file the claim and the creditor-principal on whose behalf it is filed. See Bankr.Off. Form 10 (Proof of Claim); see, e.g., Gulf States Exploration Co. v. Manville Forest Prods. Corp., (In re Manville Forest Prods. Corp.), 89 B.R. 358, 376-77 (Bankr.S.D.N.Y.1988) (pursuant to Rule 3001 and the Official Form (then, Form 19), agent must disclose name of creditor-principal on whose behalf proof of claim is filed), aff'd, 896 F.2d 1384 (2d Cir.1990).
Clearly, then, the proof of claim initially filed by Elledge, which did not even indicate his representational capacity much less disclose the identity of the true creditor, was defective. The dispositive question is whether amendment was properly permitted. This question has two components, each with its own standard of review: we consider de novo the threshold issue whether the original proof of claim was amendable at all; and, if it was, we assess the decision to allow amendment under the particular circumstances solely for an abuse of discretion. See, e.g., United States v. Kolstad (In re Kolstad), 928 F.2d 171, 173 (5th Cir.), cert. denied, — U.S. -, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991); Sambo’s Restaurants, Inc. v. Wheeler (In re Sambo’s Restaurants, Inc.), 754 F.2d 811, 815, 816-17 (9th Cir.1985).
Ordinarily, amendment of a proof of claim is freely permitted so long as the claim- initially provided adequate notice of the existence, nature, and amount of the claim as well as the creditor’s intent to hold the estate liable. The court should not allow truly new claims to proceed under the guise of amendment. United States v. Int’l Horizons, Inc. (In re Int’l Horizons, Inc.), 751 F.2d 1213, 1216-17 (11th Cir.1985); see Wright v. Holm (In re Holm), 931 F.2d 620, 622-23 (9th Cir.1991). There is no dispute here that the original proof of claim was adequate in these respects and that its content was unaltered by the requested amendment. The only change was in the replacement of Elledge by the Trust, to whom he had assigned the interest asserted in the proof of claim some time before the latter was filed. We have held that:
“[w]here there is a substitution as party plaintiff or claimant of one having the legal right to sue instead of one improperly named as plaintiff or claimant and the party substituted bears some relation of interest to the original party, there is no change in the cause of action and the substitution relates back to the ... filing of the claim.”
Fidelity & Deposit Co. v. Fitzgerald (In re Midyett & May Constr. Co.), 272 F.2d 121, 129 (10th Cir.1959) (footnotes omitted), cert. denied, 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960); accord Carnegia v. Georgia Higher Educ. Assistance Corp., 691 F.2d 482, 483 (11th Cir.1982) (citing Fidelity & Deposit Co. and holding that where late proof of claim filed by transferee of interest merely “constituted a substitution of parties with no change in the nature of the claim[,] ... [it] related back in time to the original filing by [transferor] and therefore was not untimely”). Accordingly, as a matter-of-law, the proof of claim was amendable.
Late-filed amendments to proofs of claim should be treated with liberality, as “[l]eave to amend in a straight bankruptcy *993 proceeding is ‘freely allowed where the purpose is to cure a defect in the claim as originally filed LeaseAmerica Corp. v. Eckel, 710 F.2d 1470, 1473 (10th Cir.1983) (quoting First Nat’l Bank v. Everhart (In re Commonwealth Corp.), 617 F.2d 415, 420 (5th Cir.1980)); Fidelity & Deposit Co., 272 F.2d at 130 (court should liberally allow amendment of a proof of claim where anything in the record justifies such action). In light of Unioil’s failure to demonstrate actual prejudice resulting from the requested amendment, which, as already noted, asserted the same substantive interest as the original proof of claim and merely substituted the Trust as the proper claimant, we cannot say the bankruptcy court abused its discretion in allowing the Trust’s claim. See LeaseAmerica, 710 F.2d at 1474 (since amendment referred to same underlying interest and transaction set out in original pleading, no prejudice was shown and leave to amend was properly granted); see also Sambo’s Restaurants, Inc., 754 F.2d at 816-17 (where party opposing amendment of proof of claim fails to demonstrate actual prejudice resulting therefrom, amendment should be freely allowed).
As a fall-back position, Unioil argues at some length that we should bar the Trust’s claim under the doctrine of law of the case. Specifically, Unioil contends that Elledge’s failure to pursue an interlocutory appeal of the bankruptcy court’s pretrial order, granting Plaintiff’s Motion for Reconsideration and denying Elledge’s amendment, made that order binding with respect to subsequent stages of this proceeding. Thus, the argument goes, the bankruptcy court’s about-face on the issue at trial was not permissible. For the reasons that follow, we hold the law of the case doctrine inapplicable to the particular ruling Unioil seeks to perpetuate.
Only final judgments may qualify as law of the case; where a ruling remains subject to reconsideration, the doctrine is inapplicable. See Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 15 (1st Cir.1986); United States v. Bettenhausen, 499 F.2d 1223, 1230 (10th Cir.1974). Indeed, “[w]hen a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal.” Major v. Benton, 647 F.2d 110, 112 (10th Cir.1981). Moreover, the Supreme Court has specifically held that the election to forgo a permissive interlocutory appeal does not transform a nonfinal decision into law of the case. See United States v. U.S. Smelting Ref. & Mining Co., 339 U.S. 186, 198-99, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950). Consequently, if the bankruptcy court’s pretrial decision denying the amendment sought by Elledge was not a final order, it could not become law of the case simply because he did not pursue an immediate interlocutory appeal to the district court under 28 U.S.C. § 158(a).
This court has previously summarized the principles governing the determination of finality in the present context:
“Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Under Bankr.R. 7054(a), which incorporates the established approach to civil judgment finality reflected in Fed.R.Civ.P. 54(a)-(c), an order that adjudicates fewer than all asserted claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties. The courts have recognized, however, that the appropriate “judicial unit” for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition. Thus, our [finality] inquiry here focuses on the dispositional status of the matters comprising the [Plaintiff’s] adversary complaint.”
Adelman v. Fourth National Bank & Trust Co. (In re Durability, Inc.), 893 F.2d 264, 265-66 (10th Cir.1990) (citations omitted) (emphasis added).
The bankruptcy court's pretrial decision regarding amendment affected only the rights of the Trust, while this adversary *994 proceeding encompasses claims asserted by the other defendants as well. Consequently, the denial of leave to amend remained a nonfinal order properly subject to reconsideration by the bankruptcy court up until the time judgment was entered on all of defendants’ claims after trial. See Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (motion for reconsideration of nonfinal order invokes court’s “general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment”). Unioil’s attempt to bolster its opposition to amendment of the Trust’s claim by invoking the doctrine of law of the case is not persuasive.
II.
We now turn to Unioil’s accord and satisfaction defense to the Trust’s and the Hudsons’ working interest claims. An accord is a contract whereby “an obligee agrees to accept a stated performance in satisfaction of the obligor’s existing duty, the performance of which discharges the original obligation.” Anderson v. Rosebrook, 737 P.2d 417, 419 (Colo.1987); see J.F. White Eng ’g Corp. v. United States ex rel. Pittsburgh Plate Glass Co., 311 F.2d 410, 412-13 (10th Cir.1962). The party asserting an accord and satisfaction bears the burden of establishing the defense, Roller v. Smith, 76 Colo. 371, 231 P. 656, 657 (1924); Western Air Lines v. Hollenbeck, 124 Colo. 130, 235 P.2d 792, 797 (1951), by a preponderance of the evidence, see Adams v. White, 173 Colo. 51, 476 P.2d 36, 38 (Colo.1970). The governing principles were set out clearly in Pitts v. Nat’l Indep. Fisheries Co., 71 Colo. 316, 206 P. 571 (1922), and its formulation has been relied upon frequently ever since:
In order to constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions.
Id. at 571; See Anderson, 737 P.2d at 419-20 (citing cases).
Defendants contend that their oil and gas interests have not been compensated in full and that Unioil has thereby benefited through the primary working interest it retains for itself. By invoking the defense of accord and satisfaction, Unioil seeks to hold defendants bound by their acceptance of lesser amounts pursuant to a revised division order prepared at Unioil’s request decreasing defendant’s percentages in oil purchased by the Eighty Eight Oil Company. Absent clear understanding of the consequences, however, mere acceptance cannot amount to accord and satisfaction. Although defendants had signed the revised division order and accepted subsequent distributions, the bankruptcy court found that they had always contested the terms of the division order, and rejected Unioil’s contention. We agree with the bankruptcy court’s legal analysis, discern no reversible error in its fact findings and, thus, affirm.
We begin with the premise that, “[ojrdinarily the acceptance of a lesser sum for a previously agreed upon amount due and owing, in and of itself, does not create an accord and satisfaction.” Skyland Food Corp. v. Meier, 152 Colo. 517, 382 P.2d 996, 998 (1963). The only evidence cited by Unioil to avoid application of this general rule is the introductory language of the revised division order, which provides that the signatories “guarantee and warrant that they are the legal owners in the proportions set out below_” Appendix to Brief of Appellant (Cross-Appellant), Unioil, Inc., tab 4. According to Unioil, when defendants signed the revised division order they expressly agreed to its specification of the parties’ interests, and subsequent distributions thereunder constituted the satisfaction of this new accord upon acceptance by defendants.
The bankruptcy court rejected this argument, holding that “[a] Division Order is binding as between the listed distributees and the purchaser of the oil, but is not binding as between the distributees them *995 selves[,]” citing Hershey v. Hershey, 3 Ill.App.2d 307, 122 N.E.2d 69 (1954), and Hafeman v. Gem Oil Co., 163 Neb. 438, 80 N.W.2d 139 (1956). Bankr.Op. at 7. We agree with the bankruptcy court's assessment of the effect of the revised division order. Despite the lack of Colorado precedent on the subject, the cited authorities represent the general rule. We see no reason to assume that the Colorado courts would reach a different result.
The following excerpts from Howard R. Williams, Oil and Gas Law (1991), outline the law in this area:
“Division and transfer orders usually contain an express clause in which the parties warrant, guarantee or certify that they are the owner of specified interests ...
* * * * * *
The need for a warranty clause is clear. The purchaser of oil or other products from a person not entitled thereto may be liable as a converter to the rightful owner. Breach of the warranty ... will support an action by the purchaser against his vendor in the event the purchaser is held liable in damages to the rightful owner of the products.
* * >}! Sfc Sj! J}:
Division and transfer orders authorize the purchaser to receive oil or other products and to give credit therefor in accordance with a specified division of interest. The order may, of course, inaccurately report the interests owned by the signatory parties_ Under such circumstances the purchaser of the minerals may rely on the duly executed and unre-voked division or transfer order in making payment.... He will not be liable ... so long as [each distributee] receives the payment in accordance with the terms of the division order.
* * * * * *
... Still another question arises in this context, viz., does the direction for payment contained in the division or transfer order amount to a conveyance of an interest in the land, minerals or royalty if the division of interest recited in the order differs from the actual division of interest in such land, minerals or royalty.
* s}s * # ¡fc sf:
... Under such circumstances the weight of authority clearly establishes that the division or transfer order does not amount to a conveyance of any interest in the land, minerals or royalty. It is merely a direction for payment by the purchaser until some different direction is given. Although the purchaser is protected if he makes payment in accordance with the unrevoked order, the recipient of the excessive payment will be liable for such excess to the person whose payment was less than that to which he was entitled. The mere recitation in a division or transfer order that a particular person has a specified interest in production does not confer upon such person a right to that share of the production or the proceeds thereof.
4 Oil and Gas Law § 704.1 at 579-80, § 704.5 at 586, § 707 at 609-12 (footnotes omitted); accord Rocky Mtn.Min.L.Inst. 35th Annual Inst. § 16.03[2] at 16-30 (1989); 3A WL Summers, The Law of Oil And Gas § 590 at 140-42 (1958). Though divisions orders are typically binding, “[w]hen the operator ... prepare[s] erroneous orders and retain[s] the benefits, ... the division orders [are] not binding.” Gavenda v. Strata Energy, Inc., 705 S.W.2d 690, 692 (Tex.1986); see Rocky Mtn. Min.L.Inst. 35th Annual Inst. § 16.03[2] at 16-30 to -34 (discussing Gavenda).
Under these well established principles, the revised division order signed by defendants did not bar the claims they now assert against Unioil, another working interest holder. In light of this conclusion, the bankruptcy court’s finding that no accord and satisfaction took place cannot be deemed clearly erroneous. Unioil can only cite defendants’ acceptance — under protest — of underpayments pursuant to the revised division order to support its position. As we have seen, such evidence alone does not establish the requisite understanding that the underpayments had been offered on condition that their acceptance satisfy Unioil’s assertedly larger obli *996 gations. See Skyland Food Corp., 382 P.2d at 998; e.g., Hollenbeck, 235 P.2d at 797; Conditioned Air Co. v. Post, 513 P.2d 215, 217 (Colo.Ct.App.1973); J.F. White Eng’g Corp., 311 F.2d at 412-13.
III.
In No. 91-1106, the judgment of the United States District Court for the District of Colorado reversing the bankruptcy-court’s decision to allow the claim pursued on behalf of the Trust is REVERSED, and the bankruptcy court’s decision is hereby reinstated. In No. 91-1118, the district court’s judgment affirming the allowance of defendants’ claims over Unioil’s accord and satisfaction defense is AFFIRMED.

. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

. Through its incorporation of Civil Procedure Rule 17, Bankruptcy Rule 7017 provides that while "[e]very action shall be prosecuted in the name of the real party in interest],] ... [the] trustee of an express trust ... may sue in that person’s own name without joining the party for whose benefit the action is brought].]”