No. 19,537.

WILLIAM POSPICIL, ET AL. *v.* V. W. HAMMERS.

(365 P. [2d] 228)

Decided October 9, 1961.

Messrs. SANDHOUSE and SANDHOUSE, for plaintiffs in error.

Mr. JOHN F. EDWARDS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFFS in error, who were defendants in the trial court, will be referred to as follows: William Pospicil as Pospicil; the three persons named as partners as the partnership; and Bill's Motor Company as the corporation. When all of them are included in the reference they will be referred to as defendants. Defendant in error, who was plaintiff in the trial court, will be referred to by name or as plaintiff.

Hammers alleged in his amended complaint that from September 5, 1953, to March 1958 he was employed by the defendants, or one or more of them, as a car salesman at a fixed salary plus commissions; that although the salary was paid, not all of the commissions which he had earned were paid. He alleged that the defendants, or one or more of them, were indebted to him in the sum of $1,603.25 for commissions earned. He acknowledged an indebtedness to the defendants in an amount which reduced his claim to $819.38.

The defendants denied owing any sum of money to plaintiff. They alleged that during the full period in which Hammers was employed he was paid monthly by check; that he accepted and cashed such checks in full settlement for services rendered by him from month to month; that said checks and the cashing thereof by plaintiff amount to an account stated by which plaintiff is bound. They further alleged that plaintiff's claim is

barred by laches. The corporation filed a counterclaim for the amount which plaintiff admitted owing to defendants.

The case was tried to the court, and at the conclusion of the trial the court stated in part:

" * * * Now, with that, then, the Court would find that an agreement was entered into between the parties concerning employment during the latter part of 1949, that there was some dispute as to the precise commissions that were to be paid in each individual case, but the Court specifically finds that there is a lack of evidence to show that at any time as these payments and settlement sheets were submitted that they were made for the purpose of being in full settlement, and consequently the Court would conclude that the plaintiff has met the burden of proof necessary to prove his case in this particular instance, and accordingly the Court would order judgment in favor of the plaintiff as prayed for in his complaint which of course allows for the deduction of the amount due on the notes which was agreed upon by counsel."

Judgment entered "against the defendants and each of them" in the sum of $819.38, to which they seek review by writ of error.

It is disclosed by the evidence that in September 1953 Pospicil was the sole owner of the business operating under the name "Bill's Motor Company"; that some time thereafter (no date given) he transferred the business to the partnership, which conducted the business until December 4, 1956, when the corporation took over all the assets and liabilities.

It is conceded by the defendants that if any money is due on the claim asserted by Hammers, the corporation is responsible. It cannot be determined from a reading of the record in this case whether any of the commissions alleged to be unpaid were earned by the plaintiff while in the employ of Pospicil or the partnership, nor what portion of the claim accrued after the corporation

was organized. Pospicil was the president of the corporation and on its behalf admitted corporate responsibility for all existing indebtedness contracted by him as individual owner, or by the partnership.

Plaintiff testified that the original contract of employment was that in addition to his monthly salary he was to receive 4% as a commission on the cash difference received by the employer on a trade-in of a used car in making a sale of a motor vehicle. Other evidence supported his testimony. He asserted that no change was made in his rate of compensation during the operation under the partnership or the corporation. His employment continued at all times as it had started. He testified that he continuously protested when his checks were not as large as they should have been on the basis of his earned commissions, and was continuously promised an adjustment at a later time. He denied that the checks and statements were tendered to or accepted by him as a settlement for services to the date of the several checks, or as an account stated.

On October 30, 1952, prior to the date upon which plaintiff's claim begins, he had signed a note to the defendant Pospicil for $2,000.00, some portion of which at all times remained unpaid. On August 21, 1956, another note was executed by him to the corporation, on which a balance remained unpaid. In substance he asserted that the promised "adjustment" never was made, notwithstanding his protests.

The trial court found the pertinent issues of fact in favor of plaintiff. We cannot say as a matter of law that the court erred in rejecting the evidence offered by the defendants on the issues of account stated and accord and satisfaction. We think it sufficient to direct attention to the statement of the general rule appearing in *Pitts v. National Independent Fisheries Co.*, 71 Colo. 316, 206 Pac. 571, as follows:

"In order to constitute an accord and satisfaction, it is necessary that the money should be offered in full satis-

faction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such conditions."

As stated, the judgment entered by the trial court was against all the defendants. As to the defendant Pospicil and the partnership the judgment cannot be sustained. These defendants, as individuals, cannot be held responsible for any commissions earned by plaintiff following the date of his employment by the corporation. There is no evidence in this record from which it can be determined when the individual liability of the defendant Pospicil terminated, or when that of the partnership began. The burden was on plaintiff to establish the liability of each of the individual defendants and the amount of unpaid commissions earned under each separate employer. This he failed to do.

The judgment against the defendant corporation is affirmed. As to the individual defendants the judgment is reversed and the cause remanded with directions to dismiss the action as to such defendants.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur