[Civ. No. 52399. First Dist., Div. One. July 21, 1982.]

CONNECTICUT PRINTERS, INC., Plaintiff and Appellant, v. GUS KROESEN, INC., et al., Defendants and Respondents.

COUNSEL

Struthers, Harris, Grossman & Foland and Alan Grossman for Plaintiff and Appellant.

Cannady & Whitehorn and Michael E. Scholtes for Defendants and Respondents.

OPINION

**ELKINGTON, J.**—This cause originated in the Municipal Court for the Alameda County Oakland-Piedmont Judicial District. Upon a judgment of that court for the above-named defendants (hereafter, for convenience, Kroesen), plaintiff Connecticut Printers, Incorporated, appealed to the Appellate Department of the Superior Court of Alameda County.

On its certification by the appellate department of the superior court under rule 63, California Rules of Court, we accepted a transfer of the appeal as necessary to secure uniformity of decision or to settle important questions of law.

■ It had long been the rule of this state, "that where a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted 'in full discharge of his claim' or not at all, the retention and use of such check or draft constitute an accord and satisfaction ...; and it is immaterial that the 'creditor protests against accepting the tender in full payment' ..., for in such case 'the law permits but

two alternatives, either reject or accept in accordance with the condition' . . . ." (*Potter* v. *Pacific Coast Lumber Co.* (1951) 37 Cal.2d 592, 597 [234 P.2d 16], and see authority there collected.) It will be noted that the rule has its basis in the legal concept of *accord and satisfaction*, which has been codified as Civil Code sections 1521-1525.

In 1963, California adopted its Commercial Code, founded upon the "Uniform Commercial Code" produced by the American Law Institute and the National Conference of Commissioners on Uniform State Laws, whose purpose was "to make uniform the law among the various jurisdictions."

Section 1207 of the state's Uniform Commercial Code (§ 1-207 of the Uniform Commercial Code) provides: "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient."

The issue of the appeal is whether section 1207 abrogates or qualifies the above-stated rule of *Potter* v. *Pacific Coast Lumber Co., supra,* 37 Cal.2d 592, 597.

The facts of the appeal are well stated in the appellate department of the superior court's opinion as follows:

"Plaintiff and appellant Connecticut Printers, Inc. (Printers) on April 30, 1979 filed a complaint for money against Gus Kroesen, Inc. (Kroesen) based upon two causes of action: an open book account, and an account stated.

"In its complaint, Printers alleged: that Kroesen became indebted to Printers in the amount of $84,002.44, plus interest thereon; that the principal amount had been paid down to the sum of $17,836.74; that the sum of $4,985.72 was due and owing as interest; that on July 15, 1975, Kroesen issued a check to Printers for $17,836.74, with a notation thereon 'This check represents payment in full for all obligations owed by . . . Kroesen . . .'; that said check was not accepted by Printers as full payment of all claims, because the interest was never paid; that Printers so designated by writing on the check 'Payment accepted without prejudice and subject to final determination of amount due'; that

Printers thereafter deposited the check; and that Printers did not consider payment by said check to constitute an accord and satisfaction.

"Printers further alleged that the sum of $4,985.72, with interest thereon, was due, owing and unpaid.

"Kroesen, moved for summary judgment, asserting that the pleadings themselves establish an accord and satisfaction. Summary judgment for Kroesen was entered by the trial court and Printers has appealed."

We note initially that California Uniform Commercial Code section 1103 provides: "Unless displaced by the particular provisions of this code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions."

And we observe that the California Uniform Code comment in respect of section 1103 states, among other things: "this section indicates the continued applicability to commercial contracts of all supplemental bodies of law, except insofar as they are not *explicitly displaced* by this Act." (See West's and Deering's Ann. Commercial Code, § 1103; italics added.) ▮ "Explanatory comments by a law revision commission are persuasive evidence of the intent of the Legislature in subsequently enacting its recommendations into law...." (*Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618, 623 [143 Cal.Rptr. 717, 574 P.2d 788].)

▮ It will be seen that the rule of *Potter* v. *Pacific Coast Lumber Co., supra*, relates *only* to "checks or drafts" tendered "in full settlement" of a creditor's claim. Section 1207, here under consideration, concerns contracts generally, where a contracting party "performs" under the contract with a "reservation of rights." It may not reasonably be said that the former decisional, or common law, rule, was "explicitly displaced" by the California Uniform Commercial Code's section 1207.

Typical of the authority holding that the Uniform Commercial Code section 1-207 had changed the prevailing rule is *Scholl* v. *Tallman* (1976) — S.D. — [247 N.W.2d 490, 492], concluding that section 1-207:

"In summary the tender of a check in full satisfaction of a disputed amount will still constitute an offer of an accord and satisfaction. If the

payee indorses without 'protest' or similar reservation, he will be bound by the accord and satisfaction, (at least if there was a *bona fide* dispute, and the drawer is offering some concession). We believe that the enactment of 1-207 has substantially changed the outcome when the payee adds words of 'protest' to his indorsement. Certainly the post-Code case law indicates that 1-207 authorizes the payee who signs under protest to accept the amount of the check without entering an accord and satisfaction or otherwise forsaking his claim to any additional sum allegedly due him...."

"'The Code rule would permit, in Code-covered transactions, the acceptance of a part ... payment tendered in full settlement without requiring the acceptor to gamble with his legal right to demand the balance of the ... payment.'" (See also *Braun v. C. E. P. C. Distributors, Inc.* (1980) 77 App.Div.2d 358 [433 N.Y.S.2d 447], *passim; Continental Information v. Mutual Life Ins.* (1980) 77 App.Div.2d 316 [432 N.Y.S.2d 952, 955]; *Ayer v. Sky Club, Inc.* (1979) 70 App.Div.2d 863 [418 N.Y.S.2d 57, 58].)

An eloquent expression of the contrary view, holding that Uniform Commercial Code section 1-207 does *not* abolish the common-law rule such as was stated in *Potter v. Pacific Coast Lumber Co., supra,* 37 Cal.2d 592, 597, is found in *Eder v. Yvette R. Gervey Interiors, Inc.* (Fla. 1981) 407 So.2d 312, *passim,* stating that the "sheer weight of authority" appears to favor the view that: "It is unfair to the party who writes the check thinking that he will be spending his money only if the whole dispute will be over, to allow the other party, knowing of that reasonable expectation, to weasel around the deal by putting his own markings on the other person's checks. There is no reason why § 1-207 should be interpreted as being an exception to the basic duty of good faith, when it is possible to interpret the two sections consistently. The academic writers who support this result offer no analysis, to the current knowledge of this treatise, which would justify licensing the recipient of the check to so deceive the drawer."

The Florida court then stated: "It is our opinion that the statute in question may not be employed to defeat a compromise and settlement or accord and satisfaction where the requisite elements for either of those devices are present or where a check is tendered in final payment for goods or services and is appropriately endorsed by the drawer in clear and unequivocal language which check is then accepted and cashed by the payee."

See also *State Dept. of Fisheries* v. *J-Z Sales Corp.* (1980) 25 Wn.App. 671 [610 P.2d 390], *passim*, and Rosenthal, *Discord and Dissatisfaction: Section 1-207 of the Uniform Commercial Code*, (1978) 78 Columbia Law Review, pages 48-74.

As might be expected from the appeal's transfer to this court under rule 63, no California decisional law on the subject is to be found. And, as noted, the judicial determinations of our sister states are in disaccord.

We are, of course, required to reconcile California Uniform Commercial Code section 1207, if possible, with the common law rule of *Potter* v. *Pacific Coast Lumber Co., supra,* 37 Cal.2d 592, 597, and its related accord and satisfaction principles codified as Civil Code sections 1521-1525. We think this may be done. *Eder* v. *Yvette R. Gervey Interiors, Inc., supra,* 407 So.2d 312, states: "There is no reason why § 1-207 should be interpreted as an exception to the basic duty of good faith, when it is possible to interpret the two sections consistently." California Uniform Commercial Code section 1207, as noted, does not affect "the law relating to capacity to contract" except where it is *"explicitly displaced"* by the California Uniform Commercial Code. As said in *State Dept. of Fisheries* v. *J-Z Sales Corp., supra;* 610 P.2d 390, 395-396: "... Uniform Commercial Code, [§] 1-103 and Official Comment 1 thereto require that the principles of law and equity are not to be displaced by particular provisions of the Code unless done so explicitly by the Code. [§] 1-207 applies to performance of an agreement or assent to performance in a manner offered by the other party, while explicitly reserving rights. It is completely inconsonant with accord and satisfaction, which contemplates that one party's assent to performance by the second party in a manner other than that spelled out in the contract will create a new contract, rather than permitting the first to accept part performance and still invoke remedies to enforce the original contract. The statute does not explicitly supersede the law pertaining to accord and satisfaction, and it should not be inferred as doing so.... [¶] We agree with the trial court that the parties had a genuine dispute over the amount to be paid in this case, that the debt was unliquidated, and that the Department of Fisheries by its conduct should be deemed to have assented to an accord and satisfaction of the debt, despite its subsequent protests to the contrary...."

■ Moreover, when faced with a conflict of authority as we now are, a reviewing court may "treat the question as open and decide it by

adopting the *better rule* as if there were no controlling precedent." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 692(3), p. 4609; italics added.) ▮ We think the better rule is that California Uniform Commercial Code section 1207 has *not* abrogated the principle reiterated by *Potter* v. *Pacific Coast Lumber Co., supra*, 37 Cal.2d 592, 597.

We therefore hold that the rule of *Potter* v. *Pacific Coast Lumber Co.* continues to be the law of this state.

But we nevertheless observe that rule of *Potter* v. *Pacific Coast Lumber Co.* will apply *only* where there is a "bona fide dispute between the parties . . ., 'but it matters not that there was no solid foundation for the dispute' as the test is whether 'the dispute was honest or fraudulent.'" (37 Cal.2d, p. 597.) ▮ The record is of no aid on the issue whether in the case at hand there was such a "bona fide dispute." We think it to be in the interest of justice to remand the cause to the municipal court for resolution of that issue, and such further proceedings as are lawful and appropriate.

The judgment of the municipal court is reversed; that court will take such further proceedings as are not inconsistent with the views we have expressed. The parties will stand their respective costs of appeal.

Racanelli, P. J., and Newsom, J., concurred.