**R.A. REITHER CONSTRUCTION, INC., Plaintiff-Appellant,**

v.

**WHEATLAND RURAL ELECTRIC ASSOCIATION and Miner & Miner Consulting Engineers, Inc., Jointly and Severally, Defendants-Appellees.**

No. 83CA0264.

Colorado Court of Appeals, Div. II.

April 5, 1984.

Michael J. Kudla, Longmont, for plaintiff-appellant.

Thomas McCaffrey, Thornton, Sherard, Sherard & Johnson, D.N. Sherard, Wheatland, Wyo., for defendant-appellee Wheatland Rural Electric Ass'n.

Houtchens, Houtchens & Daniel, Jerry C. Daniel, Greeley, for defendant-appellee Miner & Miner Consulting Engineers, Inc.

KELLY, Judge.

Plaintiff, R.A. Reither Construction, Inc., appeals judgments for defendants, Wheatland Rural Electric Association (WREA) and Miner & Miner Consulting Engineers, Inc., entered in a trial to the court. The court determined that Reither's claim against WREA was barred by an accord and satisfaction and dismissed Reither's claim against Miner & Miner pursuant to C.R.C.P. 41(b)(1). We affirm.

WREA, an electric distribution utility, entered into a contract on October 27, 1978, under which Reither was to construct an electric facility within WREA's system. Miner & Miner were WREA's consulting engineers for the project. While the scheduled completion date for the project under the contract as amended was May 8, 1979, construction was not completed until the fall of 1979. The contract provided for $200 per day liquidated damages.

On December 4, 1979, a WREA agent notified Reither that it intended to retain $16,000 of the $39,863.20 contract price then outstanding in partial payment of the liquidated damages resulting from a 135-day delay in performance of the contract. In February 1980, WREA sent Reither two checks for a total of $23,863.20. The first check bore the notation "Balance"; the second contained the notation "Balance of Contract." On April 11, 1980, WREA's attorney sent Reither a letter stating that WREA claimed $27,000 liquidated damages for 135 days of delay under the $200 per day liquidated damages clause, but that WREA was:

"[W]illing to settle the matter on the basis of [Reither] accepting the checks it presently has received less the $16,000.00 presently retained as liquidated damages.

This settlement proposal shall not be construed as an admission on my client's part and is made without waiving or prejudicing its rights in any way. If the

matter proceeds to litigation, [WREA] will insist on a recovery of the full amount of liquidated damages provided under the contract . . . ."

Reither then brought suit against WREA for the full $39,863.20 and against Miner & Miner for $27,000, alleging that Miner & Miner was responsible for any delay in performance. On December 2, 1980, three months after filing suit, Reither deposited the checks with the following restrictive endorsement on each: "Partial payment on contract between Wheatland REA and R.A. Reither Construction, Inc."

At the conclusion of Reither's case, the trial court ruled that Reither's acceptance of the tendered checks operated as an accord and satisfaction which precluded any recovery from WREA. The court further ruled that Reither failed to establish any damages resulting from the conduct of Miner & Miner.

## I.

Reither contends that there was insufficient evidence to support the trial court's findings of an accord and satisfaction. We disagree.

 An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligor's existing duty. Performance of the accord discharges the original duty. *Restatement (Second) of Contracts* § 287 (1981). Our Supreme Court set forth the elements necessary to establish an accord and satisfaction in *Hudson v. American Founders Life Insurance Co.*, 151 Colo. 54, 377 P.2d 391 (1962) as follows:

"In order to constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such conditions."

Whether the elements of an accord and satisfaction are present is a question of fact. *See Federal Lumber Co. v. Wheeler*, 643 P.2d 31 (Colo.1981).

 Here, the two February 1980 checks bore notations indicating that they were being offered in satisfaction of the entire outstanding obligation to Reither. The checks were followed by a letter from WREA stating that the checks were offered in full settlement of the dispute and that, in the event that the settlement offer was declined, WREA would attempt to recover $27,000 in liquidated damages. This evidence was sufficient to support the trial court's finding that the requirements for an accord and satisfaction were met.

 This result is unaffected by the restrictive endorsement placed on the checks by Reither. Section 4–1–207, C.R.S., states that:

"A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice', 'under protest', or the like are sufficient."

Several jurisdictions have interpreted this provision as meaning that, by endorsing a check with a declaration that the obligee does not assent to the condition attached by the obligor, an obligee may accept a check marked "payment in full" without waiving the right to claim additional amounts. *See Braun v. C.E.P.C. Distributors, Inc.*, 77 A.D.2d 358, 433 N.Y.S.2d 447 (1980); *Scholl v. Tallman*, 247 N.W.2d 490 (S.D.1976); *see Kilander v. Blickle Co.*, 280 Or. 425, 571 P.2d 503 (1977).

 The view, which has been adopted by the majority of jurisdictions and which we hereby adopt, is that § 4–1–207 does not alter the well-established law of accord and satisfaction. *See Restatement (Second) of Contracts* § 281 comment d (1981); *Bivins v. White Dairy*, 378 So.2d 1122 (Ala.Civ.App.1979); *Eder v. Yvette B. Gervey Interiors, Inc.*, 407 So.2d 312 (Fla.Dist. Ct.App.1981); *American Food Purveyors,*

*Inc. v. Lindsay Meats, Inc.*, 153 Ga.App. 383, 265 S.E.2d 325 (1980); *Fritz v. Marantette*, 404 Mich. 329, 273 N.W.2d 425 (1978); *Chancellor, Inc. v. Hamilton Appliance Co.*, 175 N.J.Super. 345, 418 A.2d 1326 (1980); *State Department of Fisheries v. J–Z Sales Corp.*, 25 Wash.App. 671, 610 P.2d 390 (1980); *Jahn v. Burns*, 593 P.2d 828 (Wyo.1979). Under the law of accord and satisfaction, if as here, a check is tendered in full satisfaction of an obligation, acceptance and negotiation of the check by the obligee discharges the underlying obligation notwithstanding a restrictive endorsement on the check by the obligee. *See Hudson v. American Founders Life Insurance Co., supra.*

## II.

Reither contends, in addition, that the trial court erred in entering judgment against it on its claim against Miner & Miner. Again we disagree.

The burden of establishing damages is upon the party asserting them. *John v. United Advertising, Inc.*, 165 Colo. 193, 439 P.2d 53 (1968). If reasonable persons could differ as to the conclusions to be drawn from the evidence as it stood at the close of plaintiff's case, a judgment against plaintiff entered pursuant to C.R.C.P. 41(b)(1) by a trial court sitting as the trier of fact is binding on appeal. *Rubens v. Pember*, 170 Colo. 182, 460 P.2d 803 (1969).

Here, there was no evidence of the amount of the delay in completing construction of the project, if any, that was attributable to Miner & Miner. The trial court's dismissal is therefore supported by the evidence.

Judgment affirmed.

BERMAN and BABCOCK, JJ., concur.