E. Peter ANDERSON, Petitioner,

v.

Ian and Sandi ROSEBROOK, Respondents.

No. 86SC166.

Supreme Court of Colorado, En Banc.

May 26, 1987.

Karen A. Burns, Boulder, for petitioner.

David Bye, Fort Collins, for amicus curiae, Colorado Rural Legal Services, Inc.

E. Jeanne Durr, Fort Collins, for amicus curiae, Student Legal Services, Colorado State University.

No appearance for respondents.

VOLLACK, Justice.

The petitioner, E. Peter Anderson, appeals the judgment entered by the District Court of Boulder County which affirmed the small claims court's ruling that the petitioner's right to recover a part of his security deposit withheld by his landlords and his right to pursue other claims against the landlords were waived by operation of a restrictive endorsement placed on his security deposit refund check, which resulted in an accord and satisfaction. The petitioner also appeals the district court's decision to award attorney fees to the landlords under section 13–17–102, 6 C.R.S. (1986 Supp.). We reverse and remand for further proceedings consistent with this opinion.

## I.

The petitioner and three other persons (the tenants) entered into a written lease for residential purposes with the respondents, Ian and Sandi Rosebrook. During the first weeks of tenancy, the tenants were informed by officials of the City of Boulder that the premises failed to meet housing code standards and were given ten days to vacate the premises. After leaving the premises, and within the time allowed by the Security Deposit Act,[1] the tenants

---

1. Section 38–12–103(1) provides:
   Return of security deposit. (1) A landlord shall, within one month after the termination of a lease or surrender and acceptance of the premises, whichever occurs last, return to the tenant the full security deposit deposited with the landlord by the tenant, unless the lease agreement specifies a longer period of time, but not to exceed sixty days. No security deposit shall be retained to cover normal wear and tear. In the event that actual cause exists for retaining any portion of the security deposit, the landlord shall provide the tenant with a written statement listing the exact reasons for the retention of any portion of the security deposit. When the statement is delivered, it shall be accompanied by payment of the difference between any sum deposited and the amount retained. The landlord is deemed to have complied with this section by mailing said statement and any payment required to the last known address of the tenant. Nothing in this section shall preclude the landlord from retaining the security deposit for non-

received an accounting of their security deposit from the Rosebrooks, together with a partial refund of the security deposit. The refund check for $883.46 was tendered with a restrictive endorsement on the back:

> Cashing of this check demonstrates agreement between [the tenants] and Ian & Sandi Rosebrook that this payment is full settlement of any and all monies owed to them jointly or individually by Ian & Sandi Rosebrook and precludes any efforts on their part to obtain further monies from us.

Upon receipt of this check, the petitioner crossed out the restrictive endorsement, wrote "I DO NOT AGREE TO ABOVE," endorsed the check, and cashed it. The petitioner also advised the Rosebrooks in writing that he did not agree with the charges against him of $103, and requested a refund of said amount within seven days. The Rosebrooks failed to tender the remainder of the deposit.

The petitioner brought suit against the Rosebrooks in small claims court, claiming willful and wrongful withholding of the security deposit pursuant to section 38–12–103(3)(a), 16A C.R.S. (1982),[2] and for consequential damages incurred as a result of being forced to vacate the premises by order of the City. The small claims court held that the petitioner waived any right to the remainder of the deposit by cashing the check with the restrictive endorsement. On appeal, the district court affirmed the ruling, relying on *R.A. Reither Constr. v. Wheatland Rural Elec. Ass'n*, 680 P.2d 1342 (Colo.App.1984), to find an accord and satisfaction under the common law doctrine. The court also held that the law in Colorado was so clear on this issue that the petitioner's appeal was groundless and frivolous and awarded to the Rosebrooks attorney fees.

## II.

■ The first issue we address is whether the common law doctrine of accord and satisfaction has been altered by operation of the Uniform Commercial Code [hereinafter the Code] § 1–207 (in Colorado § 4–1–207, 2 C.R.S. (1973)), where a negotiable instrument is tendered as full payment to settle a disputed claim.

At common law an accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligor's existing duty, the performance of which discharges the original duty. *Restatement (Second) of Contracts* § 281 (1981). The enforceability of the accord is governed by the rules applicable to the enforceability of contracts in general. *Caldwell v. Armstrong*, 642 P.2d 47 (Colo. App.1982). In the case of a check offered as "payment in full" for a disputed amount, generally a creditor cannot avoid the consequences of accepting the accord, i.e., cashing the check, by declaring that he does not assent to the condition attached by the debtor. *Restatement (Second) of Contracts* § 281 comment d (1981).

This court long ago stated that:

> In order to constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such conditions.

*Pitts v. National Indep. Fisheries Co.*, 71 Colo. 316, 318, 206 P. 571 (1922) (quoted as the general rule in Colorado in *Hudson v. American Founders Life Ins. Co.*, 151

---

payment of rent, abandonment of the premises, or nonpayment of utility charges, repair work, or cleaning contracted for by the tenant.

§ 38–12–103(1), 16A C.R.S. (1982)

**2.** Section 38–12–103(3)(a) states:

The willful retention of a security deposit in violation of this section shall render a landlord liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorneys' fees and court costs; except that the tenant has the obligation to give notice to the landlord of his intention to file legal proceedings a minimum of seven days prior to filing said action.

§ 38–12–103(3)(a), 16A C.R.S. (1982).

Colo. 54, 377 P.2d 391 (1962); *Pospicil v. Hammers,* 148 Colo. 207, 365 P.2d 228 (1961); *Western Air Lines, Inc. v. Hollenbeck,* 124 Colo. 130, 235 P.2d 792 (1951); *Reither,* 680 P.2d at 1344).

In *Reither,* the court of appeals found that an accord and satisfaction occurred when Reither, a construction company, cashed two checks offered as full payment in a dispute between Reither and the defendant, an electric distribution utility. Reither had crossed out the conditions of full payment from the checks, wrote that the checks were only partial payments of the claim, and then cashed them. The court of appeals held that the restrictive endorsement placed on the checks by Reither over the original restrictive language was ineffective. The court held that section 4-1-207 did not alter the result. *Reither,* 680 P.2d at 1344. We agree with this reasoning.

Section 4-1-207 provides:

A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice", "under protest", or the like are sufficient.

§ 4-1-207, 2 C.R.S. (1973).

The effect of this section upon the common law doctrine of accord and satisfaction has been addressed by many courts and commentators. It is now clear that the majority view holds that section 1-207 of the Code does not alter the common law of accord and satisfaction as applied to "full payment" or "conditioned" checks. *See, e.g., Air Van Lines, Inc. v. Buster,* 673 P.2d 774 (Alaska 1983); *Pillow v. Thermogas Co.,* 6 Ark.App. 402, 644 S.W.2d 292 (1982); *Connecticut Printers, Inc. v. Gus Kroesen, Inc.,* 134 Cal.App.3d 54, 184 Cal. Rptr. 436 (1982); *Eder v. Yvette B. Gervey Interiors, Inc.,* 407 So.2d 312 (Fla.App. 1981); *Stultz Elec. Works v. Marine Hydraulic Eng'g Co.,* 484 A.2d 1008 (Me. 1984); *Cass Constr. Co. v. Brennar,* 222 Neb. 69, 382 N.W.2d 313 (1986); *Chancellor, Inc. v. Hamilton Appliance Co., Inc.,* 175 N.J.Super. 345, 418 A.2d 1326 (1980); *Brown v. Coastal Truckways, Inc.,* 44 N.C. App. 454, 261 S.E.2d 266 (1980); *Les Schwab Tire Centers of Oregon, Inc. v. Ivory Ranch, Inc.,* 63 Or.App. 364, 664 P.2d 419 (1983); *Marton Remodeling v. Jensen,* 706 P.2d 607 (Utah 1985); *Department of Fisheries v. J-Z Sales Corp.,* 25 Wash.App. 671, 610 P.2d 390 (1980); *Flambeau Prod. Corp. v. Honeywell Information Sys., Inc.,* 116 Wis.2d 95, 341 N.W.2d 655 (1984); *Jahn v. Burns,* 593 P.2d 828 (Wyo.1979); *but see Horn Waterproofing Corp. v. Bushwick Iron & Steel Co., Inc.,* 66 N.Y.2d 321, 488 N.E.2d 56, 497 N.Y.S.2d 310 (1985);[3] *Scholl v. Tallman,* 247 N.W.2d 490 (S.D.1976).

The majority view is supported by commentators. *Restatement (Second) of Contracts* § 281 comment d, notes that U.C.C. § 1-207 "need not be read as changing this well-established rule" of accord and satisfaction under which a creditor cannot accept an accord while reserving rights under the original agreement. Another commentator states that the sound view of U.C.C. § 1-207 is that it does not authorize a creditor to accept a payment with a reservation that rejects the terms on which the payment was tendered. 1 Anderson, *Uniform Commercial Code* § 1-207:3 (3d ed. 1981); 6 Anderson §§ 3-408:54—408:57 (3d ed. 1984). *See also* 6 Corbin, *Contracts* § 1279 (2d ed. 1984 Supp.) (the common law doctrine is not affected).

We are persuaded by the majority view of section 1-207. The Official Comment for U.C.C. § 1-207 states:

---

**3.** The New York Court of Appeals held that the interpretative analysis provided in the Report of the State of New York Commission on Uniform Laws "unmistakeably [sic] addresses the common-law doctrine...." 66 N.Y.2d at 329, 488 N.E.2d at 60, 497 N.Y.S.2d at 314. The New York court also held that section 1-207 applied whether the underlying agreement was inside or outside the scope of the Code because use of a negotiable instrument to settle a disputed claim is an Article 3 transaction and therefore covered by the Code regardless of the underlying agreement. *Id.* at 330, 488 N.E.2d at 62, 497 N.Y.S.2d at 315. *But cf. Van Sistine v. Tollard,* 95 Wis.2d 678, 291 N.W.2d 636 (Ct.App.1980) (regardless of its interpretation, section 1-207 cannot apply unless the underlying transaction is subject to the Code).

This section provides machinery for the continuation of performance along the lines contemplated by the contract despite a pending dispute....

Adoption of the Uniform Commercial Code does not displace principles of common law unless the Code specifically provides for that result and the comments to section 1–207 do not indicate a change in the common law. *Accord Brown*, 261 S.E.2d at 268–69; *Department of Fisheries*, 610 P.2d at 395–96. There is no clearly expressed legislative direction to alter the common law, therefore, we find that section 1–207 is not applicable to a "full payment" check, and the cashing of a check bearing restrictive language results in an accord and satisfaction. *Accord Flambeau Prod.*, 341 N.W.2d at 664.

We affirm the holding in *Reither* which finds that the common law of accord and satisfaction is not altered by section 4–1–207.

### III.

The next issue is whether the petitioner waived his right to seek the return of the remainder of the deposit through legal proceedings by cashing the partial refund check. The district court ruled that *Reither* applied where a landlord offered a "conditioned" check to a tenant as a return of security deposit. We disagree. A limited exception to the common law doctrine of accord and satisfaction was created by the enactment of the Security Deposit Act [hereinafter the Act], sections 38–12–101 to –103, 16A C.R.S. (1982).

Section 38–12–101 declares that the Act "shall be liberally construed to implement the intent of the general assembly to insure the proper administration of security deposits and protect the interests of tenants and landlords." The Act was passed "to control the practices of landlords who withhold, without justification, their tenant's damage deposits." *Houle v. Adams State College*, 190 Colo. 406, 547 P.2d 926 (1976).

Section 38–12–103(7) provides:

Any provision, whether oral or written, in *or pertaining to* a rental agreement whereby any provision of this section for the benefit of a tenant or members of his household is waived shall be deemed to be against public policy and shall be void.

§ 38–12–103(7), 16A C.R.S. (1982) (emphasis added). Initially, we note that a restrictive endorsement on a partial refund deposit check pertains to a rental agreement because payment of a security deposit is a provision of a rental agreement. Therefore, the Act applies to the landlord's use of a restrictive endorsement on a partial refund check.

The Act recognizes the unequal bargaining positions of the landlord-tenant relationship. In *Martin v. Allen*, 193 Colo. 395, 566 P.2d 1075 (1977), we held that the Act is designed "to assist tenants in vindicating their legal rights and to equalize the disparity in power which exists between landlord and tenant" in conflicts over security deposits. *Id.* at 396, 566 P.2d at 1076. The Act requires an exception be made to the common law doctrine of accord and satisfaction. In *Reither*, the parties were in a commercial transaction, bargaining at arm's length. The landlord-tenant relationship is distinguishable because of the unequal bargaining positions of the parties.

The district court below stated that the tenant had two choices when given a partial refund check with a restrictive endorsement: cash the check and thereby waive his rights to further recourse or return the check and sue for treble damages under section 38–12–103(3)(a). The very purpose of the Act is contravened by these choices. Tenants are often not in a position to return a partial refund check as they often need the deposit for other housing demands. A restrictive endorsement, by which a landlord attempts to create a waiver of a tenant's right to legal recourse, is void under section 38–12–103(7). This exception to the common law is limited to the situation before us involving a landlord's use of a restrictive endorsement in an attempt to avoid the provisions of the Security Deposit Act.

## IV.

The district court awarded the landlords in this case attorney fees because the court found that the petitioner's appeal was frivolous and groundless. Section 13–17–102(4), 6 C.R.S. (1986 Supp.), allows a court to award reasonable attorney fees if the action brought "lacked substantial justification," defined to mean "substantially frivolous, substantially groundless, or substantially vexatious." Section 13–17–102(7) specifically provides that, "No attorney or party shall be assessed attorney fees as to any claim or defense which the court determines was asserted by said attorney or party in a good faith attempt to establish a new theory of law in Colorado." § 13–17–102(7), 6 C.R.S. (1986 Supp.). A claim that attempts to establish a new theory of law, or is a good faith effort to extend, modify, or reverse existing law is not frivolous. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

The district court held that the petitioner's failure to mention or deal with the *Reither* case was sufficient reason to award attorney fees to the landlords because, according to the court, *Reither* clearly applied to the petitioner's case. We disagree. Failure of the petitioner to mention a case he considered irrelevant to his case does not render his appeal substantially frivolous. We find that the district court abused its discretion in awarding the respondents attorney fees.

Accordingly, the case is reversed and remanded for further proceedings consistent with this opinion.