**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PATRICIA MISCHEK, individually and
on behalf of all persons similarly situated;
SKUYA CHRISTENSEN, individually and
on behalf of all persons similarly situated,

     Plaintiffs - Appellants,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a foreign corporation,

     Defendant - Appellee.

No. 18-1156
(D.C. Nos. 1:16-CV-03208-PAB-MLC &
1:17-CV-00041-PAB-MLC)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **McKAY**, and **CARSON**, Circuit Judges.
_____

This is an appeal from two putative class action cases that were consolidated in

the district court. Plaintiffs contend that State Farm impermissibly reduced its

insureds' uninsured/underinsured motorist benefits by the amounts it paid under

medical payments coverage. State Farm sought summary judgment on the ground

that Plaintiffs had previously "settled and/or reached an accord and satisfaction" on

their disputed insurance claims against State Farm. (Appellants' App. at 170.) The

_____

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court agreed and accordingly granted summary judgment in favor of State Farm. We review the district court's summary judgment order de novo. *See McCracken v. Progressive Direct Ins. Co.*, 896 F.3d 1166, 1172 (10th Cir. 2018).

Plaintiffs raise two main arguments on appeal: (1) they did not truly settle their claims with State Farm because they never signed a written release, and (2) even assuming they reached a settlement agreement with State Farm, this agreement is unenforceable based on public policy and retroactive application of the Colorado Supreme Court's decision in *Calderon v. American Family Mutual Insurance Co.*, 383 P.3d 676 (Colo 2016). Plaintiffs' second argument is foreclosed by our recent opinion in *McCracken*, 896 F.3d at 1172–73, in which we rejected a virtually identical argument brought by other Colorado insureds following the *Calderon* decision. As for Plaintiffs' first argument, we agree with the district court that the facts in this case, even taken in the light most favorable to Plaintiffs, show that Plaintiffs' claims are precluded by the doctrine of accord and satisfaction.

Contrary to Plaintiffs' representations, it is immaterial that they did not sign a written release. Colorado law does not require a written release to settle claims. Rather, "to constitute an accord and satisfaction, . . . money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction," and "such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions." *Pitts v. Nat'l Indep. Fisheries Co.*, 206 P. 571, 571 (Colo. 1922). In *R.A. Reither Construction, Inc. v. Wheatland Rural*

2

*Electric Ass'n*, 680 P.2d 1342, 1344 (Colo. App. 1984), a Colorado court found these requirements to be met where the plaintiff simply deposited two checks which "bore notations indicating that they were being offered in satisfaction of the entire outstanding obligation . . . [and] were followed by a letter from [the defendant] stating that the checks were offered in full settlement of the dispute." The undisputed facts of this case similarly establish that each Plaintiff accepted a payment in full satisfaction of her disputed insurance claim against State Farm. For instance, the record reflects that Ms. Mischek's attorney engaged in settlement negotiations with State Farm that resulted in Ms. Mischek receiving a "payment in the amount of $70,531.89 for settlement of [her] Underinsured Motorist claim," which State Farm "confirm[ed] . . . settles any and all claims under the Underinsured Motorist Coverage." (Appellee's Suppl. App. at 292.) The check stub for this payment bore the notation, "Full and final UIM settlement." (*Id.* at 552.) Ms. Mischek did not dispute the amount of payment or return the check; rather, as in *R.A. Reither*, the settlement check was accepted and deposited, which is sufficient under Colorado law to "discharge[] the underlying obligation," 680 P.2d at 1345. Ms. Christensen likewise accepted a $16,000 payment made by State Farm based on the parties' "agree[ment] to settle [her] underinsured motorist claim for $16,000, inclusive of all liens." (Appellants' App. at 167.) Plaintiffs have cited no persuasive reason why their acceptance of State Farm's settlement checks would not meet the elements of the doctrine of accord and satisfaction under Colorado law.

As the district court correctly explained, "[b]ecause both Ms. Mischek and Ms. Christensen accepted payment from State Farm to settle their UIM claims, the doctrine of accord and satisfaction bars them from seeking additional UIM benefits that they allege were unlawfully withheld." (*Id.* at 330.) We therefore **AFFIRM** the district court's summary judgment decision.

Entered for the Court

Monroe G. McKay
Circuit Judge

4