FILED
United States Court of Appeals
Tenth Circuit

November 6, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROGER PEARSON, on behalf of
himself and all others similarly
situated; LONNIE McRAE, on
behalf of himself and all others
similarly situated,

     Plaintiffs - Appellants.

v.

GEICO CASUALTY COMPANY,

    Defendant - Appellee.

No. 19-1303
(D.C. No. 1:17-CV-02116-CMA-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This case arose out of insurance claims by Mr. Roger Pearson and

Mr. Lonnie McRae after their cars were "totaled" in separate accidents. In

responding to the claims, the insurer (Geico Casualty Co.) sent checks to

the insureds. The insureds cashed the checks, but then claimed that the

insurer had violated a state statute (Colo. Rev. Stat. § 10-4-639(1))

_____

[*]    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

requiring insurers to reimburse policyholders for what they had paid in registering and titling the two cars. According to the insureds, the insurer paid less than the actual fees.

When the insurer denied a request to pay the actual fees incurred, the insureds sued for bad faith under Colorado's common law and statutes.[1] The district court directed the parties to show cause why their claims were not barred by an accord and satisfaction. With the benefit of additional briefing, the court granted summary judgment to the insurer, concluding that the insureds' version of the facts would trigger an accord and satisfaction. The insureds appeal, and we affirm.

## 1. After the insurer paid only part of the registration and title fees, the insureds sued.

With each check, the insurer stated that the payments covered "the Base Value of [the insureds'] vehicle, plus any applicable fees and adjustments." Appellants' Restricted App'x, vol. 1, at 36, 38. With the statements, the insurer provided lists of the covered items. One of these items was called "State and Local Regulatory Fees." Appellant's App'x, vol. 1, at 133, 140. For this item, the insurer stated that it was paying

---

[1] The insureds also sued under the Colorado Consumer Protection Act, but the district court dismissed this claim and the insureds do not challenge that dismissal.

2

$26.50.[2] *Id.* According to the insureds, however, the actual fees were at least $67.96 for one car and $70.93 for the other. *Id.* at 101–03.

## 2. The insureds' claims are barred by the doctrine of accord and satisfaction.

In this appeal, the parties disagree on whether the insureds' cashing of the checks constituted an accord and satisfaction.

### A. We apply the summary-judgment standard that governed in district court.

Because the district court decided this issue through summary judgment, we engage in de novo review, applying the same standard that governed in district court. *Patterson v. PowderMonarch, LLC*, 926 F.3d 633, 637 (10th Cir. 2019). On factual issues, we view the evidence in the light most favorable to the insureds. *Cowdrey v. City of Eastborough, Kan.*, 730 F.2d 1376, 1377 n.2 (10th Cir. 1984). On legal issues, we apply the substantive law of the forum state (Colorado). *See Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1277 (10th Cir. 2011).

### B. In applying this standard, we apply Colorado's test for an accord and satisfaction.

Under Colorado law, a party owing money can try to satisfy an obligation by offering less than what is owed. *See United States Welding, Inc., v. Advanced Circuits Inc.*, 420 P.3d 278, 281, 283 (Colo. 2018). If the

---

[2]    For one of the cars, the insurer might have paid more than $26.50. For purposes of this appeal, however, we assume for the sake of argument that the insurer paid only $26.50 for each car's title and registration.

offer is accepted, the original obligation is altered through an accord and satisfaction. *Id.*

To show an accord and satisfaction, the offering party must prove that

- an offer was made to fully satisfy the claim and

- the offer was accepted.

*Hudson v. American Founders Life Ins. Co. of Denver*, 377 P.2d 391, 396 (Colo. 1962). If these elements are proven, an accord and satisfaction would exist even if the offering party had paid less than what was actually owed. *R.A. Reither Constr., Inc. v. Wheatland Rural Elec. Ass'n*, 680 P.2d 1342, 1345 (Colo. App. 1984).

**C.     We reject the insureds' five arguments.**

The insureds present five arguments against the existence of an accord and satisfaction:

1.     There was no meeting of the minds.

2.     The insurer misrepresented or omitted material facts.

3.     The insurer did not say that its offer would satisfy the statutory obligation to pay the actual expenses incurred for registration and title.

4.     The characterization as an accord and satisfaction would undermine public policy.

5.     The insureds stated that they were owed more than $26.50 for registration and title.

We reject these arguments. The insurer offered $26.50 for each car with a statement that this amount would represent full payment for the registration and title fees. This statement wasn't false or misleading. Though the insureds insisted on more, they cashed the checks, triggering an accord and satisfaction under Colorado law. Enforcing this accord and satisfaction wouldn't undermine the state's public policy irrespective of any possible dispute over the sufficiency of the payment.

### 1. A meeting of the minds existed.

Denying a meeting of the minds, the insureds argue that they were unaware of the insurer's statutory obligation to pay the actual registration and title fees. This argument is misguided.

A meeting of the minds requires a mutual understanding of the facts, not the law. *See Metropolitan State Bank v. Cox*, 302 P.2d 188, 193 (Colo. 1956) (stating that a mutual mistake of fact is required to vitiate a contract); *Bowles v. Miller*, 40 P.2d 243, 245 (Colo. 1935) ("Mistake which entitles the party asserting the same to relief . . . is a mistake of fact, not a mistake of law."); *see also First Nat. Bank v. Shank*, 128 P. 56, 59 (Colo. 1912) ("A mistake as to the legal effect of the contract, where the language used is such as intended is not available as a defense at law nor grounds for reformation."). Though the insureds might not have known about the insurer's alleged statutory obligation, no fact-finder could reasonably infer a factual misunderstanding: The insurer characterized the payment as a

5

"total loss settlement," and any misunderstanding would have involved the law rather than the facts.

The insureds suggest that even if the misunderstanding had involved the law, the insurer should have disclosed its statutory obligation to pay the actual registration and title fees. But the insureds were responsible for knowing the law; they couldn't prevent an accord and satisfaction by assuming that the insurer would tell them what the statutes required. *See Boyles Bros. Drilling Co. v. Orion Indus., Ltd.*, 761 P.2d 278, 281 (Colo. App. 1988) (stating that a mistake of law, induced by another's misrepresentation about a statute, wouldn't ordinarily provide relief because parties cannot ordinarily rely on what others say about the law).

In their reply brief, the insureds argue for the first time that the Colorado statute requires insurers to ask the insureds the amount of their fees for registration and title. But the insureds waived this argument by failing to assert it until the reply brief. *In re Motor Fuel Temperature Sales Practices Litig.*, 872 F.3d 1094, 1112 n.5 (10th Cir. 2017).

2. **The insurer did not misrepresent or omit facts in communicating the offers to the insureds.**

The insureds also point out that an accord and satisfaction cannot be based on a fraudulent offer. *See North American Union v. Montenie*, 189 P. 16, 17 (Colo. 1920). According to the insureds, they were misled by the references to unspecified "State and Local Regulatory Fees" and "any

6

applicable fees." Appellants' App'x, vol. 1, at 53–54, 113, 120; Appellant's Restricted App'x, vol. 1, at 36, 39. The insureds emphasize that the insurer failed to specify which fees were being paid, suggesting that the insurer had fraudulently concealed the statutory obligation to pay title and registration fees.

This suggestion is invalid: The insurer didn't say anything to suggest that it was paying all of the fees required by the statute.[3]

### 3. The insureds were bound to understand that cashing the checks would constitute satisfaction of their claims.

The insureds also argue that the insurer didn't say that cashing the checks would constitute a release. But an accord and satisfaction does not require a specific statement that claims have been released. For example,

---

[3] The insureds twice state that the insurer had a duty "to inform insureds of the extent of coverage." Appellant's Opening Br. at 18–19. But the insureds do not develop an argument that the insurer breached such a duty. *See Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000) ("Perfunctory complaints that fail to frame and develop an issue are not sufficient to invoke appellate review."). In any event, the Colorado statute appears to specify when an insurer must disclose coverage. For example, the statute expressly requires insurers to "clearly disclose . . . what benefits are provided relating to towing or storage of a motor vehicle." Colo. Rev. Stat. § 10-4-639(2). For reimbursement of registration and title expenses, however, the statute says nothing about disclosure to the insured. *See* Colo. Rev. Stat. § 10-4-639(1).

cashing checks characterized as "payment in full" would suffice. *Anderson v. Rosebrook*, 737 P.2d 417, 419 (Colo. 1987).

Here, any reasonable fact-finder would find the required element because

- the insurer tendered checks for a "total loss settlement" and

- the insureds were bound to understand that the offer was to fully satisfy their claims.

### 4. Characterization as an accord and satisfaction would not undermine the state's public policy.

The insureds also contend that characterization as an accord satisfaction would undermine the public policy reflected in the state statute (Colo. Rev. Stat. § 10-4-639(1)). For this contention, the insureds argue that the statutory aim is to provide full reimbursement for what they actually paid for registration and title.

We disagree. The statute does require payment of registration and title fees. But the statute does not say that insurers

- are powerless to amend this obligation through an accord and satisfaction or

- must tell insureds of this obligation.

Instead, state law supports the freedom of parties to contract as they wish and to settle disputes. *See Ravenstar, LLC v. One Ski Hill Place, LLC*, 401 P.3d 552, 555 (Colo. 2017) (recognizing "a strong policy of freedom of contract"); *Colo. Ins. Guar. Ass'n v. Harris*, 827 P.2d 1139, 1142 (Colo.

8

1992) (recognizing a policy favoring settlement of disputes). We have little reason to upend the parties' agreement to pay and accept $26.50 to fully settle the claim for registration and title fees. *See McCracken v. Progressive Direct Ins. Co.*, 896 F.3d 1166 (10th Cir. 2018) (concluding that Colorado's public policy of encouraging the settlement of insurance disputes supported the decision to enforce a release despite the policy of ensuring compensation to insureds).[4]

**5.      An accord and satisfaction existed even if the insureds had wanted more money for the registration and title.**

The insureds also focus on the payment for the second loss of a car. By the time that they received the check for this car, the insureds had allegedly learned that the insurer was obligated to pay more than $26.50 for registration and title. With this knowledge, the insureds requested more money. But they cashed the checks anyway. By cashing the checks, the insureds accepted the payments despite the request for more money. *See Anderson v. Rosebrook*, 737 P.2d 417, 419–21 (Colo. 1987) (en banc) ("In the case of a check offered as 'payment in full' for a disputed amount, generally a creditor cannot avoid the consequences of accepting the accord,

---

[4]      The district court cited *Mischek v. Mutual Automobile Ins. Co.*, 770 Fed. App'x 917 (10th Cir. 2019), and the parties disagree about the applicability of this opinion. But *Mischek* is not precedential. *See* 10th Cir. R. 32.1(A). So the disagreement about *Mischek*'s applicability does not affect our decision.

9

*i.e.*, cashing the check, by declaring that he does not assent to the condition attached by the debtor.").

**3.    The insureds were not prejudiced by the sua sponte grant of summary judgment.**

The insureds also point out that the insurer didn't move for summary judgment. Though a district court can consider summary judgment sua sponte, the court must comply with the Federal Rules of Civil Procedure. These rules require the court to identify for the parties the material facts that may not be genuinely disputed. Fed. R. Civ. P. 56(f)(3).

For the sake of argument, we may assume that the district court didn't comply with this requirement. Even with this assumption, we could reverse only if noncompliance with the rules had been prejudicial. *See First Am. Kickapoo Operations, L.L.C. v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir. 2005). In this case, any possible noncompliance would not have been prejudicial.

The insureds disagree, arguing that without compliance, they couldn't disprove acceptance of the checks as satisfaction of the insurer's duty to pay. But in district court, the insureds submitted declarations stating that they had only conditionally accepted the checks. The district court considered the affidavits, but concluded that the insureds' cashing of the checks showed acceptance of the insurer's $26.50 for registration and

10

title. In the face of this conclusion, the insureds don't identify any other evidence that would have created a material factual dispute.

In their reply brief, the insureds also argue for the first time that, upon proper notice, they would have presented evidence of the insurer's bad faith and coercive tactics to induce acceptance of the check for the second car. But the insureds waived this argument because they didn't make it until their reply brief. *See* p. 6, above.

**4. We affirm the grant of summary judgment**.

The district correctly applied the doctrine of accord and satisfaction, and the insureds have not shown prejudice even if the district court failed to identify the lack of a genuine factual dispute. So we affirm the grant of summary judgment to the insurer.

Entered for the Court


Robert E. Bacharach
Circuit Judge

11